UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Teresa A. James,<br>Plaintiff,<br><br>v.<br><br>Roper St. Francis Healthcare,<br>Defendant. | CASE NO.: 2:24-cv-7314-DCN-PJG<br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (hereinafter "Title VII").

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. Charges of employment discrimination on the basis of disability discrimination and retaliation were filed with Equal Employment Opportunity Commission ("EEOC").

   b. The notification of the Right to Sue was received from the EEOC on or about September 24, 2024.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. The Plaintiff, Teresa A. James, is a citizen and resident of the State of South Carolina and resides in Charleston County, South Carolina.

4. Defendant, Roper St. Francis Healthcare, upon information and belief, is a domestic nonprofit organized and operating under the laws of the State of South Carolina.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of Title VII and the ADA.

7. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADA.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

9. Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. In or around May 2017, the Plaintiff began working for Carolina Arrhythmia as a scheduler, and on May 24, 2021 when Defendant acquired Carolina Arrhythmia and became an employee of Defendant.

11. The Plaintiff had previously been diagnosed with a back condition and was working from home since November 24, 2020. Because of this condition, the Plaintiff is a person with a serious medical condition or presumed to have a disability as defined by the ADA.

12. In or around August 2023, the Plaintiff had surgery on her back. The Plaintiff's treating physician advised her to continue to work from home due to the fact that she could only sit for short periods without breaks.

13. In or around September 2023, the Plaintiff presented her doctor's note to Abby Rice, supervisor, and requested to continue to work from home as the doctor had advised. Despite Plaintiff supplying her employer with this note, the Defendant required the Plaintiff to come back to the office and work in person.

14. The Plaintiff explained to Ms. Rice that in-person work was not possible due to her condition. Ms. Rice told Plaintiff that she needed to fill out an ADA form in order to continue to work from home, despite Plaintiff's doctor writing a note stating the fact that Plaintiff needed to work from home.

15. In retaliation for requesting continued work-from-home accommodation, the Plaintiff was terminated on or about October 5, 2023.

16. Any stated reasons for Plaintiff's termination were pretextual in nature. Her termination, in reality, was discriminatory on the basis of her disability and in retaliation for requesting reasonable accommodations.

17. At all times relevant to this Complaint, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.

## FOR A FIRST CAUSE OF ACTION
### Violation of the ADA – Failure to accommodate

18. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

19. The Plaintiff is an individual with a "disability" or is presumed to have a disability within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities and has a record of such impairment.

20. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job in Defendant's employ.

21. As a result of her disability, the Plaintiff requested reasonable accommodation of working from home during her recovery from back surgery.

22. The Defendant declined, without just cause, to provide those accommodations to the Plaintiff.

23. The Defendant has also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodations.

## FOR A SECOND CAUSE OF ACTION
### Violation of the ADA – Retaliation

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

26. Plaintiff's requested accommodations were made in good faith and constituted protected activity under the ADA.

27. Shortly after requesting said accommodations, the Defendant fired the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

28. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

29. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

30. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## **REQUEST FOR RELIEF**

31. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

32. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits in such an amount to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in such an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest;

5. Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment in favor of the Plaintiff and against the Defendant for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/ *Jarrel L. Wigger*
Jarrel L. Wigger (Fed. I.D. #6345)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
t: (843) 553-9800

North Charleston, South Carolina
December 17, 2024.